**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JOSE ABNER SANCHEZ-ROA,**

　　**Petitioner,**

　　**v.**

　　　　　　　　　　　　　　　　　　**Civil No. 17-2229 (ADC)**

**EDGAR GUERRERO MEDINA** *et al,*

　　**Respondents.**

**OPINION AND ORDER**

Pending before the Court is petitioner José Abner Sánchez-Roa's request for *habeas* relief under 28 U.S.C. § 2254. **ECF Nos. 3, 15.** Respondents the Puerto Rico Secretary of Justice and Warden Edgar Guerrero Medina moved for dismissal on various grounds, including lack of jurisdiction. **ECF Nos. 33, 48**. Petitioner opposed, and respondents replied. **ECF Nos. 41, 49**.

For the reasons explained below, respondents' motion to dismiss is **GRANTED**.

**I.　　Procedural Background**

On August 30, 2006, after a bench trial in state court, petitioner was sentenced to 62 years of imprisonment for attempted murder and other violations stemming from facts occurred on August 15, 2005. **ECF No. 50-1**.[1] Essentially, petitioner was convicted of shooting his ex-consensual partner, who was pregnant at the time, in the back of her neck resulting in the loss

---

[1] Respondents' request for the Court to take judicial notice of various state court decisions related to the instant petition is granted. **ECF Nos. 42, 50**.

of her unborn child. Petitioner's conviction was affirmed on appeal by the Puerto Rico Court of Appeals (PRCA), and thereafter, the Puerto Rico Supreme Court (PRSC) denied certiorari. *See* **ECF Nos. 50-2, 50-3**. Petitioner filed a Rule 192.1 motion for new trial, alleging ineffective assistance of counsel, which was summarily denied by the trial court. **ECF Nos. 15** at 4; **33** at 2; **50-4**. On May 14, 2008, the PRCA affirmed the denial of petitioner's Rule 192.1 motion, and on April 3, 2009, the PRSC denied certiorari. *Id*.; **ECF Nos. 50-5, 50-6**.

On August 28, 2009, petitioner filed his first §2254 habeas, arguing ineffective assistance of counsel as well as violations to the Fourteenth Amendment to the U.S. Constitution. **ECF Nos. 15** at 5; **33** at 2; **Civil No. 09-1861 (JAF)**. On February 10, 2010, then District Judge José A. Fusté dismissed the petition without prejudice for failure to exhaust administrative remedies. **Civil No. 09-1861, ECF No. 26**. Namely, noting that petitioner's Fourteenth Amendment claims were not raised in his Rule 192.1 motion. *Id*.

Over three years later, on September 3, 2013, petitioner filed a second §2254 petition raising only ineffective assistance of counsel claims. **Civil No. 13-1681 (CCC)**. Through court appointed counsel, petitioner voluntarily dismissed his claims without prejudice and on July 13, 2016, judgment was entered accordingly. *Id*. at **ECF Nos. 42, 43**.

On July 26, 2016, petitioner filed a state habeas petition pursuant to 34 P.R. Laws. Ann. §1741(C). **ECF Nos. 15** at 5; **33** at 3. On October 25, 2016, the state habeas petition was summarily

denied by the trial court. *Id*. On January 31, 2017, the PRCA affirmed denial of his petition, and petitioner did not seek review to the PRSC. *Id*.

Finally, on October 4, 2017, petitioner filed the instant §2254 motion, arguing ineffective assistance of trial counsel.[2] Respondents move to dismiss the complaint alleging that petitioner's claims are time-barred, that equitable tolling does not apply, that petitioner failed to exhaust administrative state court remedies and his claims are procedurally defaulted. **ECF Nos. 33, 48**. Petitioner opposed, and respondents replied. **ECF Nos. 41, 49**.

## II.    Standard of Review

Section 2254(a) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") empowers a federal court to entertain a petition for writ of *habeas corpus*, on behalf of a person in custody pursuant to a judgment of a state court, if there is a violation of his or her federally protected rights under Section 2254. The petition must be opportunely filed, and the petitioner must have exhausted the remedies available in the courts of the corresponding state. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

## III.    Analysis

Section 2254 petitions must be filed within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional

---

[2] Represented by the Federal Public Defender, petitioner filed an amended petition on June 27, 2018. **ECF No. 15**.

right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For purposes of computing timeliness, this Court must first ascertain when AEDPA's one-year statute of limitation began to run as to petitioner. From the record, it is evident that petitioner's arguments are not based on a newly recognized constitutional right, newly discovered evidence nor does he allege that any illegal impediment by State action prevented him from previously filing the instant petition. As such, his petition should have been filed one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. AEDPA's one-year limitation, however, is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

The record shows that petitioner was convicted on August 30, 2006. Petitioner's direct appeal was denied by the PRCA on June 21, 2007. **ECF Nos. 15** at 4; **50-2.** On October 26, 2007, the PRSC denied his petition for certiorari. **ECF Nos. 15** at 4; **33** at 2, 12; **50-3.** This marked the end of petitioner's direct review of his conviction and the start of AEDPA's one-year statute of limitation.

According to petitioner[3], on February 6, 2008 he filed a Rule 192.1 petition which was summarily denied by the trial court on February 14, 2008. **ECF Nos. 15** at 4; **50-4**. Petitioner's appeal to the PRCA was denied on May 14, 2009, and the PRSC denied certiorari on April 3, 2009. **ECF Nos. 15** at 4; **33** at 2, 12; **50-5**; **50-6.**

On August 28, 2009, petitioner first moved for habeas relief in federal court under §2254. **Civil No. 09-1861 (JAF).** On February 4, 2010, his petition was dismissed without prejudice for failure to exhaust state remedies. *Id.* Three years after the dismissal of his first §2254 petition, and without seeking any additional remedies in state court, on September 5, 2013, petitioner filed a second §2254 habeas. **Civil No. 13-1681 (CCC).** Petitioner, however, voluntarily dismissed the second petition and judgment without prejudice was entered accordingly on July 13, 2016. *Id.* Lastly, on July 26, 2016, petitioner filed a second Rule 192.1 before the trial court, which was summarily denied on October 25, 2016. **ECF Nos. 15** at 5; **33** at 3. On January 31, 2017, petitioner's appeal was denied by the PRCA and he did not seek review to the PRSC. *Id.*

Considering the above, the one-year statute of limitations started to run on October 26, 2007, the end of direct review. Pursuant to 28 U.S.C. § 2244(d)(2), petitioner's first Rule 192.1 properly tolled such period from February 6, 2008 until the PRSC's denial of certiorari on April

---

[3] Petitioner argues that respondents failed to submit "English-language translations of the relevant state judicial records" evidencing "the date from which the limitations clock ought to run. The same goes for Respondents' arguments against applying equitable tolling here and their calculation of the tolling periods." **ECF No. 41** at 6. The Court, nevertheless, considers as admissions the dates set forth by petitioner in his petition. Moreover, respondents submitted translations of various relevant state court decisions at **ECF No. 50** which are relevant for computation purposes.

3, 2009. At that time, one hundred and two (102) days of the one-year statute of limitations had run their course. Although petitioner timely filed his first §2254 motion on August 29, 2009, it was dismissed without prejudice, and petitioner made no further attempt to exhaust state remedies which would toll the statute of limitations. Instead, three years later petitioner filed a second §2254 motion which he ultimately voluntarily dismissed. Additionally, over seven years after the denial of his first Rule 192.1 motion, petitioner moved for state habeas relief on July 26, 2016.

To salvage his claims, petitioner argues that his first two §2254 habeas petitions tolled the statute of limitations. The Supreme Court, however, expressly held that an application for federal habeas corpus review is not an application for state post-conviction or other collateral review within the meaning of §2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 172 (2001). On this issue, the First Circuit noted that "section 2244(d)(2), properly construed, 'tolls the limitation period for the pursuit of state remedies [but] not during the pendency of applications for federal review.'" *Neverson v. Bissonnette*, 261 F.3d 120, 125 (1st Cir. 2001) (citing *Duncan*, 533 U.S. at 172); *see also Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (finding that a first habeas petition did not toll the one year limitations period since an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2)). Consequently, §2244(d)(2) did not toll the limitation period during the pendency of petitioner's first two §2254 habeas petitions.

Even construing the record in the light most favorable to petitioner, the petition is irremediably time-barred. After District Judge Fusté dismissed his first petition for failure to exhaust state remedies in 2010, petitioner sat idly without seeking any relief from the state courts. Moreover, he did not seek reconsideration or argued for a stay of the §2254 proceedings until exhausting state remedies. Instead, over three years later, he once again sought §2254 habeas relief from this Court, later voluntarily dismissing the petition. Petitioner then moved for state habeas relief in 2016, six years after the dismissal of his first petition for failure to exhaust administrative remedies. Accordingly, even if this Court found that his first federal habeas petition tolled the statute of limitations, there was a three-year gap between he dismissal of petitioner's first §2254 habeas petitions and the filing of his second petition. It is well settled that "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 103 (D. Mass. 2001). Consequently, the time period here irremediably expired.[4]

As a last resort, petitioner clings to the fact that the one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate

---

[4] The Court acknowledges petitioner's argument that respondents' timeliness calculations do not "factor the time between the date of denial and [the] notification" of the state court decisions to petitioner. **ECF No. 41.** Nevertheless, aside from the fact that petitioner does not propound or evidence an inordinate delay in the notification of any of the court decisions which would substantially impact the timeliness calculation, his prompt filing of the first Rule 192.1 motion and first federal habeas petition show that he was well aware of the state court's adverse findings. There is also no doubt that as of February 4, 2010, petitioner learned about the dismissal of his first habeas petition for failure to exhaust administrative remedies but did not file his second federal habeas until 2013 or his state habeas petition until 2016. An inordinate amount of time transpired without any attempts by petitioner to pursue his claims.

cases. *Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004) (collecting cases). Case law is clear, nonetheless, that "equitable tolling should be invoked only 'sparingly,'" *id*. at 42 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)), and applied "only in extraordinary circumstances," *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (quoting *Delaney*, 264 F.3d at 14); *see also Brackett v. United States*, 270 F.3d 60, 67 (1st Cir. 2001) (describing equitable tolling of § 2254 claims as a "narrow safety valve[]" reserved for "instances of clear injustice"). At a minimum, it is available only in cases in which "circumstances beyond the litigant's control have prevented him from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) (citations omitted). Thus, it is not available to rescue a litigant from his own lack of due diligence. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

The Supreme Court has held that AEDPA's limitations period may be equitably tolled only when the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (*citing Holland*, 560 U.S. at 649). A court's power to invoke equitable tolling must be exercised case by case. *Ramos-Martínez*, 638 F.3d at 322.

Petitioner contends that his lack of knowledge of the law, his "inability to understand the English language, coupled with his lack of access to a suitable legal library or counsel to assist

him, constituted an obstacle with respect to being able to meet AEDPA's one-year deadline."

**ECF No. 71** at 17. Although petitioner mentions that he did not understand the meaning of the

dismissal of his first habeas and did not have assistance of counsel, he fails to reference specific

attempts or the dates of such purported efforts expended after such dismissal for purposes of

showing an exercise of reasonable diligence prior to the expiration of the one-year statute of

limitations. *E.g. Torres-Santiago v. United States*, 865 F. Supp. 2d 168, 176 (D.P.R. 2012) (finding

that petitioner failed to show reasonable diligence because he did not establish that he had

requested the assistance of a fellow inmate or previous counsel within the one-year statute of

limitations). General assertions are simply insufficient on this front.

The First Circuit has held that "the usual problems inherent in being incarcerated do not

justify equitable tolling." *Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) (citing *Baldayaque v.*

*United States*, 338 F.3d 145, 152 (2d Cir. 2003)); *see Ramírez v. Yates*, 571 F.3d 993, 998 (9th Cir.

2009) (petitioner not entitled to equitable tolling simply because he remained in administrative

segregation and had limited access to law library and copy machine); *Santana v. United States*,

939 F. Supp. 2d 109, 115 (D.P.R. 2013) (finding that a three-week period waiting for his personal

belongings and papers to arrive at another prison does not qualify as extraordinary

circumstances which would support equitable tolling). Of particular relevance here, the appeals

court noted that if courts "tolled AEDPA's limitation period every time a prisoner with no legal

training had his library time strictly regulated, § 2244(d) might as well not exist; few prisoners

are lawyers, and few prisons offer their occupants unfettered library access." *Holmes*, 685 F.3d at 63.

In the same manner, having difficulty with the English language and ignorance of the law even for incarcerated *pro se* prisoners, do not constitute extraordinary circumstances that justify tolling the time requirement in § 2255. *Santana*, 939 F. Supp. 2d at 115-116; *Cordle*, 428 F.3d at 49; *see also Delaney*, 264 F.3d at 15 (collecting cases). Absent equitable tolling, the petition is untimely, and dismissal is proper.

## IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. § 2255.  To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find

it debatable whether petitioner's claims should be denied as untimely. Accordingly, the COA is

**DENIED**.

**V.      Conclusion**

Considering the foregoing, respondents' motion to dismiss at **ECF Nos. 33 and 48** is

**GRANTED**. Consequently, petitioner's §2254 motion is **DISMISSED WITH PREJUDICE**. The

Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 2nd day of February 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**